IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

ROBERT LEE STILTNER,           )
                               )
    Petitioner,            )
                               )
v.                             )   Case No. 19-CV-0063-GKF-FHM
                               )
TULSA COUNTY,                  )
VIC REGALADO,                  )
                               )
    Respondents.           )

## OPINION AND ORDER

Petitioner Robert Lee Stiltner, a pretrial detainee currently incarcerated at the David L. Moss Criminal Justice Center in Tulsa, Oklahoma, commenced this action on January 22, 2019, by filing a 28 U.S.C. § 2241 petition for writ of habeas corpus (Dkt. 1) and a motion to proceed in forma pauperis (Dkt. 2). Stiltner, appearing pro se, alleges the state district court fixed an excessive bond and otherwise violated his due process rights. Dkt. 1, at 1, 7-8. He seeks declaratory and injunctive relief, immediate release from state custody, appointment of "the most experienced habeas attorney available," and cost-free copies of "all documents." *Id.* at 8-10. For the reasons that follow, the Court grants Stiltner's request to proceed in forma pauperis, denies his requests for counsel and cost-free documents, and directs Stiltner to show cause why the habeas petition should not be dismissed for failure to exhaust state remedies.

I.    **Motion to proceed in forma pauperis**

Based on representations in the motion to proceed in forma pauperis (Dkt. 2), the Court finds that Stiltner lacks the ability to prepay the $5 filing fee and grants his motion

to proceed in forma pauperis. *See* 28 U.S.C. § 1915(a)(1). Nonetheless, Stiltner remains obligated to pay the $5 filing fee when he is able to do so. *See Brown v. Eppler*, 725 F.3d 1221, 1231 (10th Cir. 2013) ("[A]ll § 1915(a) does for any litigant is excuse the *pre-payment* of fees. Unsuccessful litigants are liable for fees and costs and must pay when they are able." (quoting *Robbins v. Switzer*, 104 F.3d 895, 898 (7th Cir. 1997))).

## II. Requests to appoint counsel and provide cost-free copies

Stiltner requests appointment of habeas counsel pursuant to 28 U.S.C. § 2254(h). Dkt. 1, at 10. Section 2254(h) permits federal courts to appoint counsel for indigent habeas petitioners. But unless and until an evidentiary hearing is warranted, "[t]he decision to appoint counsel is left to the sound discretion of the district court." *Engberg v. Wyoming*, 265 F.3d 1109, 1122 & n.10 (10th Cir. 2001). Several factors guide the court's discretion, including "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). The petitioner bears the burden to show "that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (quoting *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985)). Considering the above factors, the Court denies Stiltner's request for counsel.

Stiltner also requests copies of all documents without cost pursuant to 28 U.S.C. § 2250. Dkt. 1, at 10. Section 2250 entitles indigent defendants to obtain free "certified copies of such documents or parts of the record on file" in the office of "the clerk of any court of the United States" if those documents or portions of the record "are required by

order of the judge before whom the [habeas petition] is pending." Because the Court has not ordered Stiltner to produce any court documents or records, the Court denies his request for cost-free copies.

## III. Habeas petition

Stiltner seeks a writ of habeas corpus to challenge his pretrial detention in the on charges filed against him in the District Court of Tulsa County, Case No. CF-2018-2106. Dkt. 1, at 1-2. Stiltner claims his continued custody is unconstitutional because the state district court imposed excessive bail. *Id.* at 7. In support of his petition, Stiltner alleges he has been incarcerated since May 18, 2018, he "can not afford the $150,000 bail," and he was denied a bail reduction request. *Id.* He further alleges that the state district court (1) violated his substantive and procedural due process rights under the Fifth and Fourteenth Amendments by failing to conduct a proper hearing and make the necessary findings to support his continued detention, and (2) violated his Sixth Amendment right to counsel by failing to appoint counsel "while he was held without bail for 7 days before his individualized detention determination hearing." *Id.* at 8-10.

To remedy these alleged constitutional violations, Stiltner asks the Court to: (a) issue a declaration that the state district court violated his constitutional rights under the Fifth, Sixth and Fourteenth Amendments, (b) issue a preliminary and permanent injunction enjoining the state district court "from using secured financial condition of release to detain [him] without" a proper hearing and findings regarding his ability to pay and without appointing counsel to assist at bail hearings, and (c) issue the writ directing Respondents to immediately release him from custody. Dkt. 1, at 8-10.

This Court's initial review of the habeas petition is guided by Rule 4, *Rules Governing Section 2254 Cases in the United States District Courts* (Habeas Rule 4); *see Boutwell v. Keating*, 399 F.3d 1203, 1210 n.2 (10th Cir. 2005) (noting that district court "acted within its discretion by applying" Rule 4 to § 2241 petition). Under Habeas Rule 4, a district court must "promptly examine" a habeas petition and dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Habeas Rule 4. However, before summarily dismissing a habeas petition on its own initiative, the district court must afford the petitioner "fair notice and an opportunity to present [his] position[]." *Day v. McDonough*, 547 U.S. 198, 210 (2006); *see also Allen v. Zavaras*, 568 F.3d 1197, 1203 (10th Cir. 2009) (noting district court correctly applied *Day* by providing petitioner an opportunity to respond before *sua sponte* dismissing habeas petition on exhaustion grounds).

Having reviewed the petition, the Court finds that it is subject to being dismissed for failure to exhaust available state remedies. Relief under § 2241 is available only if the petitioner's pretrial detention violates federal law. *See* 28 U.S.C. § 2241(c)(3) (authorizing federal courts to grant relief if petitioner "is in custody in violation of the Constitution or laws or treaties of the United States"); *Yellowbear v. Wyo. Att'y Gen.*, 525 F.3d 921, 924 (10th Cir. 2008 (noting that "§ 2241 is a vehicle for challenging pretrial detention."). However, before seeking federal habeas relief under § 2241, a state prisoner must exhaust available state remedies. *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). "The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court, either by direct review or in a postconviction attack." *Dever v. Ks. State*

*Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The requirement is also "satisfied if the highest court exercises its discretion not to review the case." *Id.*

Here, it is plainly apparent from the petition that Stiltner has not exhausted available state remedies. Under Oklahoma law, a criminal defendant can seek appellate review through a state habeas proceeding if bail is denied or if "the amount fixed [is] excessive." OKLA. STAT. tit. 22, § 1079.[1] In addition, Oklahoma has a general habeas statute which is available to "every person restrained of his liberty." OKLA. STAT. tit. 12, § 1331; *see also* Rule 10.1, *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2019) (discussing OCCA's authority to "entertain certain extraordinary writs which arise out of criminal matters" when a "petitioner has been denied relief in the District Court"). Stiltner alleges in his petition that he requested a bail reduction in Tulsa County District Court. Dkt. 1, at 2. But there are no allegations in the petition suggesting that Stiltner sought appellate review of the state district court's decision or otherwise attempted to present his federal claims to the Oklahoma Court of Criminal Appeals. *See* Dkt. 1, generally.

As a result, even accepting the allegations in the petition as true, it does not appear that Stiltner's claims are subject to federal habeas review. The Court therefore directs Stiltner to show cause why the § 2241 petition should not be summarily dismissed for failure to exhaust available state remedies. Stiltner is cautioned that even if he overcomes the exhaustion requirement, this Court's review will be limited to considering whether his

---

[1] The language of § 1079 refers to "bail on appeal." However, the applicable rules of criminal procedure state that § 1079 also governs bail pending trial. Rule 1.2(D)(2), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2019).

pretrial confinement violates federal law. *See* 28 U.S.C. § 2241(c)(3); *Yellowbear*, 525 F.3d at 924. This Court cannot assume jurisdiction over, or otherwise interfere with, the ongoing state criminal proceeding. *See Younger v. Harris*, 401 U.S. 37 (1971).

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. The motion to proceed in forma pauperis (Dkt. 2) is **granted**.

2. Stiltner's requests for counsel and cost-free copies are **denied**.

3. Within thirty (30) days of the entry of this Order, or by **March 24, 2019**, Stiltner shall show cause in writing why his § 2241 petition should not be summarily dismissed for failure to exhaust state remedies. If Stiltner concedes his failure to exhaust state remedies or otherwise declines to timely respond to this Order, the Court will dismiss the habeas petition without prejudice and without further notice. **DATED** this 22nd day of February 2019.

GREGORY K. FRIZZELL, CHIEF JUDGE